# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **JASON JONES,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No:  4:19CV2978 HEA** |
| | ) | |
| **WILLIAM STANGE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION, MEMORANDUM AND ORDER

Petitioner filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C.

§ 2254 [Doc. No. 1] on October 23, 2019. Respondent filed a Response to the

Court's Order to Show Cause Why Relief Should Not be Granted on January 21,

2020.  Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United

States District Courts, this Court has determined that there are no issues asserted

that give rise to an evidentiary hearing and therefore one is not warranted. For the

reasons set forth below, the Response is well taken, and the Petition will be denied.

### Factual Background

The State of Missouri charged Petitioner with a class B felony sale of a

controlled substance as a prior and persistent offender. Petitioner was convicted by

a jury in December 2015. The trial court sentenced him to 20 years imprisonment.

Petitioner appealed his conviction and sentence to the Missouri

Court of Appeals, and it affirmed.  Petitioner then filed a post-conviction relief

motion under Missouri Supreme Court Rule 29.15. Appointed counsel then filed an

amended motion. The motion court held an evidentiary hearing. After the hearing,

the motion court denied post-conviction relief. Petitioner filed an appeal, and the

court of appeals affirmed the motion court's denial of post-conviction relief.

Petitioner now raises ten grounds for relief, alleging error by the trial court,

(Grounds 1, 2, 7, and 8); ineffective assistance of counsel, (Grounds 3-direct appeal

counsel, 4 and 5-trial counsel, and 6-post conviction counsel), actual innocence

(Ground 9); and error by the post-conviction review court (Ground 10).

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §

2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners

after the statute's effective date of April 24, 1996. When reviewing a claim that has

been decided on the merits by a state court, AEDPA limits the scope of judicial

review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a state court shall not be granted
> with respect to any claim that was adjudicated on the merits in state
> court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established federal law,
> as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000).  Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

A state court decision must be left undisturbed unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or the decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003).

3

A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or it decides a case differently than the United States Supreme Court did on materially indistinguishable facts. *Id*. A decision may only be overturned, as an unreasonable application of clearly established United States Supreme Court precedent, if the decision is both wrong and an objectively unreasonable interpretation or application of United States Supreme Court precedent. *Id*. A federal habeas court may not disturb an objectively reasonable state court decision on a question of federal law even if the decision is, in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas court would have decided the case differently on a clean slate. *Id*. State court factual determinations are presumed to be correct, and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

### Ineffective Assistance of Counsel

To prevail on his ineffective assistance of counsel claims, Petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. See *Strickland v. Washington*, 466 U.S. 668, 688 (1984). With respect to the first *Strickland* prong, there is a strong presumption that counsel's conduct fell within the wide range of professionally reasonable assistance. *Id*. at 689. Thus, "counsel should be strongly

presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," and the "burden to show that counsel's performance was deficient rests squarely on the defendant." *Burt v. Titlow*, 571 U.S. 12, 22-23 (2a013) (quotation marks and citation omitted); see also *Strickland*, 466 U.S. at 689 (noting that a petitioner must show that the challenged action was not part of a sound trial strategy); *Abernathy v. Hobbs*, 748 F.3d 813, 816 (8th Cir. 2014) (explaining that reviewing courts must refrain "from engaging in hindsight or second-guessing of trial counsel's strategic decisions") (citation omitted)).

To establish "prejudice," the petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "Merely showing a conceivable effect is not enough; a reasonable probability is one sufficient to undermine confidence in the outcome." *Paulson v. Newton Corr. Facility*, 773 F.3d 901, 904 (8th Cir. 2014) (citation omitted). Although *Strickland* requires a showing of both deficient performance and prejudice, a "finding that no prejudice exists is sufficient to conclude that counsel was not constitutionally ineffective – [courts] need not make a determination regarding deficiency*." Holder v. United States*, 721 F.3d 979, 987 (8th Cir. 2013).

"Taken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 202 (2011)).

> First, under *Strickland*, the state court must take a predictive judgment about the effect of the alleged deficiencies of counsel on the outcome of the trial, focusing on whether it is "reasonably likely" that the result would have been different absent the errors. *Strickland*, 466 U.S. 696. ... To satisfy *Strickland*, the likelihood of a different result must be "substantial, not just conceivable." *Id*. Under AEDPA, [federal courts] must then give substantial deference to the state court's predictive judgment. So long as the state court's decision was not "contrary to" clearly established law, the remaining question under the "unreasonable application" clause of § 2254(d) is whether the state court's determination under the *Strickland* standard is unreasonable, not merely whether it is incorrect. [*Harrington v. Richter*, 562 U.S. 86, 112, 101 (2011)]. This standard was meant to be difficult to meet, and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at [102.]

*Williams*, 695 F.3d at 831-32. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington*, 562 U.S. at 105.

In this context, a state court's findings of fact made in the course of deciding a claim of ineffective assistance of counsel are presumed to be correct. *Odem v. Hopkins*, 382 F.3d 846, 849 (8th Cir. 2004).

## Procedural Default

To preserve a claim for federal habeas review, a state prisoner "must present that claim to the state court and allow that court an opportunity to address [his or

6

her] claim." *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citing

*Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "Where a petitioner fails to

follow applicable state procedural rules, any claims not properly raised before the

state court are procedurally defaulted." *Id.* The federal habeas court will consider a

procedurally defaulted claim only "where the petitioner can establish either cause

for the default and actual prejudice, or that the default will result in a fundamental

miscarriage of justice." *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 338-39

(1992)). To demonstrate cause, a petitioner must show that "some objective factor

external to the defense impeded counsel's efforts to comply with the State's

procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish

prejudice, "[t]he habeas petitioner must show 'not merely that the errors at...trial

created a possibility of prejudice, but that they worked to his *actual* and substantial

disadvantage, infecting his entire trial with error of constitutional dimensions.'"

*Id.* at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Lastly, in

order to assert the fundamental miscarriage of justice exception, a petitioner must

"present new evidence that affirmatively demonstrates that he is innocent of the

crime for which he was convicted." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir.

2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

**Discussion**

Review under 28 U.S.C. § 2254 is a review to determine whether a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Petitioner states ten grounds for relief.

**Ground One**

In Ground One, Petitioner claims the trial court violated his right to self-representation under the 6th and 14th Amendments for failing to bring him to court to conduct an inquiry and investigation into his letter asking to exercise his right to self-representation. Petitioner did not raise this issue on direct appeal. It is therefore procedurally barred.

**Ground Two**

In Ground Two, Petitioner claims the trial court erred in allowing the prosecution to introduce the lab report identifying the drugs. Petitioner claims this violated his confrontation clause rights since the analyst did not testify.  Petitioner did not raise this claim on direct appeal, and as such it is procedurally barred.

**Ground Three**

As the basis for Ground Three, Petitioner argues direct appeal counsel was ineffective for failing to properly investigate the case prior to filing a direct appeal by not challenging the sufficiency of the evidence.  Petitioner did not raise this claim in the post-conviction proceedings. It is therefore procedurally barred.

**Grounds Four**

Petitioner's Grounds Four is an ineffective assistance claim regarding his
trial counsel.  Petitioner claims counsel was ineffective by conducting the trial
without prior knowledge of the case facts, he came into the case only one week
prior to trial and met with Petitioner once. Petitioner claims counsel was not
properly prepared to form a solid trial strategy, did not question the witness
properly, failed to bring up key evidence of the crime, never entered formal
appearance on his case, failed to object to the court's violations of blocking black
prospective jurors , and did not object to the admission of the lab report. None of
Petitioner's claims in Ground Four were presented in his post-conviction motions.
As such, they too are procedurally defaulted.

**Ground 5**

In Ground Five, Petitioner claims trial counsel did not meet with him enough
to prepare a proper trial strategy; he refused to file motions Petitioner asked him to
file, *e.g.*, change of venue, motion to suppress; he refused to request additional
testing of evidence,  he failed to locate and question all of the material witnesses at
the scene of the crime; failed to depose witnesses; failed to make proper
objections; failed to request a mistrial based on statements made during voir dire;
failed to exclude jurors who knew the witness; failed to play a second video; failed
to enter evidence to support innocence of crime; failed to properly investigate the

case and obtain all the proper documents or facts relevant to the case and people involved in the case.  These grounds were not raised in the post-conviction proceeding. Thus, as with the other claims, Ground Five is procedurally defaulted.

**Ground Six**

Petitioner claims post-conviction counsel was ineffective. Ground Six is not procedurally defaulted, but this claim is not a cognizable basis for relief in a federal habeas petition because a claim of ineffective assistance of post-conviction counsel is not a basis for habeas relief. 28 U.S.C. § 2254(i); *Coleman v. Thompson,* 501 U.S. 722, 756-57 (1991).

**Ground Seven**

In Ground Seven, Petitioner argues the trial court erred in refusing to grant a motion for an acquittal or motion for new trial because the evidence was insufficient. And by not adhering to state statutes. He also claims the trial court erred in failing to make independent inquiry to selected members regarding experience with drugs, not requiring a fair cross-section of the community be on the jury panel, and not appointing new post-conviction counsel after counsel was late in filing an amended motion.

Again, because Petitioner did not raise these issues on direct appeal, he is barred from attempting to raise them in this habeas proceeding. These claims are procedurally barred.

**Ground Eight**

Petitioner claims the trial court erred in not forcing the State to turn over information about the confidential informant. This issue was raised in the appellate court:

> In his sole point on appeal, Jones argues that the trial court plainly erred in overruling Jones' Motion for Disclosure of Informant, in that Jones established that the identity and location  of the confidential informant at issue was relevant to his defense.
>
> The issue for our determination is whether the trial court plainly erred in denying Jones' Motion for Disclosure of Informant.
>
> Standard of Review
>
> Because Jones did not raise the issue under review at trial, or include it in a motion for new trial, Jones concedes that our standard for review is plain error under Rule 30.20.5
>
>> Rule 30.20 provides that, whether the alleged errors are briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the error has resulted in manifest injustice or miscarriage of justice. In applying plain error review, this Court frequently uses a two-step inquiry. First, the Court must determine whether the claimed error is, in fact, plain error affecting substantial rights. Substantial rights are involved if, facially, there are significant grounds for believing that the error is of the type from which manifest injustice or miscarriage of justice could result if left uncorrected. An error is plain if it is evident, obvious, and clear. . . . Second, if plain error affecting substantial rights is found, the Court determines whether the error actually did result in manifest injustice or a miscarriage of justice.
>
> State v. Hunt, 451 S.W.3d 251, 260 (Mo. banc 2014) (internal quotations and citations omitted).

Analysis

Rule 25.10 states that, among other matters, the following is not subject to disclosure: "An informant's identity where his identity is a prosecution secret, a failure to disclose will not infringe the constitutional rights of the defendant, and disclosure is not essential to a fair determination of the cause." Rule 25.10(B).

> Whether a defendant can have a fair trial without disclosure of the identity of an informant rests within the sound discretion of the trial court. In reviewing a trial court's ruling on this issue, the appellate court must balance the relevance and importance of disclosure to the defense against the State's need for nondisclosure. In doing so, the particular circumstances of a case must be considered including the crime charged, the possible defenses, the possible significance of the informant's
> testimony, and other relevant factors. The burden is upon the defendant to develop
> a record showing the need for disclosure.

> Communications made by informants to government officials are generally privileged and need not be disclosed. The privilege was formulated to encourage citizens to notify officials of crimes, thus promoting effective law enforcement. The privilege is designed for the protection of the public interest and not for the protection of the informant. Concepts of fundamental fairness may create exceptions to the privilege rule in circumstances in which disclosure of the informant's identity is essential to enable an accused to adequately establish a defense.

> A crucial factor to be considered in determining whether disclosure of the informant's identity may be required is the role played by the informant in the criminal activity. When there is active informant participation plus other factors, such as mistaken identity, contradictory testimony, or a denial of the accusation, or when the informant is the sole witness to the crime charged, then the identity of the informant may be required for purposes of fairness. Other instances where disclosure of the identity of the informant may be required are when the informant is the sole participant, other than the

12

accused, in the drug transaction charged or the informant is the only
witness in a position to be called on behalf of the defense.

State v. Dowell, 25 S.W.3d 594, 608-09 (Mo.App. W.D. 2000) (internal
quotations and citations omitted).

In meeting his burden to develop a record sufficient to support his motion
for disclosure of an informant's identity, a defendant must, during the
hearing on his motion, "demonstrate more than bare assertions or speculative
or conclusory allegations. . . . Arguments and statements of counsel are not
evidence of the facts presented." State v. Beard, 442 S.W.3d 84, 94
(Mo.App. S.D. 2014) (internal quotation and citation omitted).

Here, the record does not explicitly reveal an evidentiary hearing on Jones'
motion for disclosure, nor does the record show any cognizable evidence
presented by Jones in support of his motion. The record contains no
transcripts of any hearings held on this matter, no recorded testimony or
affidavits, and no evidentiary exhibits. The only indicia as to Jones' rationale
for requesting the disclosure of the identity of the informant is in the motion
itself. The motion for disclosure comprises only arguments and statements of
Jones' counsel. As we have previously held, statements and arguments of
counsel are not evidence we may consider for purposes of evaluating
whether a defendant has met his burden for disclosure of a confidential
informant. See Beard, 442 S.W.3d at 94. For purposes of our review, the
record discloses no evidence the trial court could have considered in Jones'
pretrial motion for disclosure. As such, Jones wholly fails to show that he
met his burden to develop a record sufficient to support his motion. Id.
However, even if the unsworn allegations of counsel in Jones' motion for
disclosure were
properly reviewable evidence, his claim would still fail. Jones' motion
asserted that the
confidential informant was an "active participant" in the crime of which he
was charged, and that
he required the identity of the confidential informant to establish a mistaken
identity defense. Jones' motion argued, in relevant part:

> A. If the claims made by law enforcement are true, police were
> unaware of the identity of [Jones] and did not know him from prior
> experience. Accordingly, the basis for an identification came from the
> information provided by the confidential informant. Without
> determining how the informant allegedly knew [Jones], there is no

13

reasonable way for the Defense to possibly attack the identification of the police officer. As the State is well aware, false identifications can and have been made by law enforcement. Specifically, as it relates to the police officers involved in the drug sale cases that were indicted in the Circuit Court of Butler County, it is known that both police officers have made mistaken identifications. The first involves Walter Jackson, Jr., whose charge was dismissed after it was determined he was in prison the date the alleged sale occurred, and the second involves Christopher Law.

B. If claims by law enforcement are true, it is necessary for the Defense to discover how the informant came about the determination he could purchase drugs from[Jones]. Perhaps [Jones] had sold to him in the past. If true, it would be beneficial to know that so as to not ask a question at trial that could potentially affect Counsel's representation of [Jones]. Additionally, in past cases, counsel has encountered cases where the informant repeatedly badgered a defendant into selling a controlled substance. Due to the attorney/client privilege and counsel's duty of loyalty to his client, counsel cannot explicitly state to the Court that if he intends to proceed on that theory to trial at this point. However, if that were the fact pattern in this case, that would open up the door to an entrapment defense. Ultimately, the judge would decide the admissibility of the instruction, and the jury would decide the merits of the argument should the instruction be submitted. That being said[,] it is impossible for the Court or jury to make that determination based on all facts available without allowing [Jones] to conduct meaningful discovery.

Our Western District examined a trial court's denial of a request for confidential informant disclosure where, like here, there was alleged mistaken identity on the part of a police officer who was an active participant in the crime charged. State v. Coleman, 954 S.W.2d 1, 5 (Mo.App. W.D. 1997). In rejecting the defendant's claim on appeal, the court reasoned:

[Appellant] failed to show, either by demonstrating weakness in the State's case or by development of a defense, that disclosure was needed because of a genuine question of mistaken identity or any other issue. [Appellant] did not raise a substantive question as to Detective Regan's ability to identify him as the seller; on the contrary,

14

Detective Regan's identification of [Appellant] was positive and unequivocal, despite vigorous cross-examination by [Appellant]'s trial counsel.

Id. at 6. Like Coleman, Jones' motion raised no substantive question here as to mistaken identity. Jones' line of argument in his motion is premised largely on bald speculation and hypotheticals. His argument does not affirmatively show how, based on the specific facts of this case, the disclosure of the confidential informant was so crucial to the defense as to overcome the State's privilege against such disclosures. Jones fails to demonstrate plain error in the trial court's denial of his motion to disclose the confidential information.

Furthermore, Jones fails to demonstrate manifest injustice or a miscarriage of justice, the standard for prejudice required in plain error review. Hunt, 451 S.W.3d at 260. Jones concedes that he was already aware of the identity of the confidential informant, but faults the State for failing to provide the address and contact information of the informant. Jones cites no authority in support of his argument that, in addition to the confidential informant's identity, the State was required to provide the informant's address and contact information; nor does Jones demonstrate that the State was in possession of such information. See, State v. Hill, 890 S.W.2d 750, 753-54 (Mo.App. W.D. 1995). Notably, the record reveals that on November 19, 2015, thirteen days before trial, Jones filed a notice to take the deposition of C.W., the confidential informant, on November 23, 2015, using C.W.'s full name. Jones fails to show a manifest injustice or miscarriage of justice.

The confidential informant's identity was disclosed to defense counsel and the name was used throughout the trial. Petitioner can claim no error if what he seeks was already known to him. He can show no harm from the alleged error.

**Ground Nine**

Petitioner claims he meets the gateway innocence standard for all of his claims because the video does not show him actually handing drugs to the undercover officer. This claim was argued prior, and petitioner presents nothing

15

new to establish that he is actually innocent of the charged offenses. The

miscarriage of justice/actual innocence exception applies to a severely confined

category: cases in which new evidence shows "it is more likely than not that no

reasonable juror would have convicted [the petitioner]. " *Schlup v. Delo*, 513 U.S.

298, 329 (1995).

> "[T]o be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence that was not presented at trial." *Schlup*, 513 U.S. at 324. Further, " 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation omitted in original). "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' "

*McQuiggin*, 569 U.S. 383, 401 (quoting *Schlup*, 513 U.S. at 316).

Petitioner has not produced any evidence to undermine the confidence in his

convictions. Petitioner's conclusory assertions are "insufficient to support a claim

of actual innocence." *See Ajamu v. Jeffreys*, No. 8:22CV348, 2023 WL 5748780,

at *4 (D. Neb. Sept. 6, 2023);  *Huggans v. Werlich*, No. 4:18-CV-1935 JAR, 2019

WL 3820929, at *2 (E.D. Mo. Aug. 14, 2019); *Harris v. Norris*, No.

5:08CV00158JLH, 2008 WL 4418308, at *4 (E.D. Ark. Sept. 25, 2008) (vague and

conclusory statements do not satisfy the *Schlup* standard). Petitioner offers no

evidence of his innocence, let alone evidence so strong so as to undermine the

outcome of his criminal convictions. Accordingly, Petitioner may not proceed under the miscarriage of justice exception.

**Ground Ten**

Finally, Petitioner claims the post-conviction appellate court erred in affirming the denial of Petitioner's post-conviction relief motion because the claims that were raised on appeal were not included in the amended motions. Petitioner claims these claims were incorporated within the pro se motion, amended motion, or the motion to supplement the record at the evidentiary hearing. As Respondent correctly argues, this claim is not cognizable. U.S.C. § 2254(i); "[A]n infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition." *Gee v. Groose*, 110 F.3d 1346, 1351-52 (8th Cir. 1997)" *Williams v. Sachse*, No. 4:19-CV-02272-SPM, 2022 WL 4534452, at *16 (E.D. Mo. Sept. 28, 2022).

Unpreserved claims cannot serve as a basis for reversing the judgment of conviction. A claim must be presented at each step of the judicial process in state court in order to avoid procedural default. *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994). In order for this Court to consider these claims as not procedurally defaulted, Petitioner is required to demonstrate good cause and actual prejudice. *Murray*, 477 U.S. at 478. Petitioner fails to demonstrate cause for his procedural default, and he cannot establish any prejudice for the failure from the alleged

17

unconstitutional errors. Nor has he shown that a fundamental miscarriage of justice would occur if the Court does not review the merits of the claim. Petitioner has not presented any new evidence of actual innocence or shown that a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Abdi*, 450 F.3d at 338. Consequently, the claims raised in Petitioner's are procedurally barred from habeas review and will be denied.

Furthermore, Petitioner's claims regarding issues in the post-conviction process are not cognizable in a Section 2254 proceeding.

## Conclusion

For the foregoing reasons, the Court concludes that the grounds in Petitioner's Petition for Writ of Habeas Corpus are either procedurally barred or otherwise fail and must be denied in all respects.

## Certificate of Appealability

In a § 2255 proceeding before a district judge, the final order is subject to review on appeal by the court of appeals for the circuit in which the proceeding is held. 28 U.S.C. § 2253(a). However, unless a circuit judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under § 2253(c)(2), a certificate of appealability may issue only if

18

a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a motion is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the Court finds that Petitioner has failed to make the requisite "substantial showing." *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Accordingly, a certificate of appealability will not issue.

19

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus [Doc. No. 1] is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 19th day of September,  2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

20